United States District Court
Southern District of Texas
**ENTERED**
December 16, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRCICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| OTIS EVANS | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIV. NO. 7:19-cv-00358 |
| | § | |
| U.S. BORDER PATROL AGENTS | § | |
|    Defendants. | § | |

### ORDER IN REGARD TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

I.

Pending before the Court for consideration is Plaintiff's Motion for Appointment of Counsel filed on December 9, 2019. (Dkt. No. 7.)

Plaintiff, a pro se prisoner, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Name Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on October 10, 2019. (Dkt. No. 1.) On November 14, 2019, the Court ordered and set deadlines for Defendants to answer, for both parties to disclose relevant information, and for Defendants to file any dispositive motions. (Dkt. No. 5.)

II.

In Plaintiff's Motion, Plaintiff requests counsel because he is "currently incarcerated and without the funds to retain counsel on his own" and "[t]his Honorable court has allowed this case to survive initial screening and has ordered discovery and other response from the defendants and plaintiff will not be able to present his claim before this court." (Dkt. No. 7 at 1-2.) "Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court, but there is no automatic right to appointment of counsel in a civil rights case." *Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001); *see also Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Section 1915 applies to indigent prisoner litigants proceeding in forma pauperis; Plaintiff has not established that he is indigent as he paid the filing fee for this case nor has Plaintiff requested to proceed in forma pauperis. *See* 28 U.S.C. § 1915; *Jackson*, 864 F.2d at 1242. Further,

"[i]n evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Castro Romero*, 256 F.3d at 354. Likewise, a "trial court is not required to appoint counsel for an indigent plaintiff asserting a [civil rights claim] unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The Court has only sought for Plaintiff to respond to future answer from Defendants and dispositive motion, as well as disclose relevant information to Defendants. (Dkt. No. 5.) This does not require discovery on the part of Plaintiff as was expressly set out in the Order from November 15, 2019. (*Id.* at 2 ("No further discovery will be allowed except on further order of the Court.")). At this point, the Court finds that Plaintiff is able to present his case and no exceptional circumstances exist to warrant appointment of counsel.

### III.

The Motion for Appointment of Counsel is **DENIED** without prejudice. Plaintiff may refile another request if Court seeks further action on behalf of Plaintiff beyond what has already been ordered. Further, if the Court finds that further discovery is warranted on part of Plaintiff or an evidentiary hearing is necessary, the Court may reconsider whether there are exceptional circumstances in these proceedings justifying appointment of counsel.

The Clerk shall send a copy of this Order to Plaintiff. <u>Because notices will only be sent to the address on file, Plaintiff is obligated to keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary. Failure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case.</u>

**DONE** at McAllen, Texas, this 16th day of December, 2019.

Juan F. Alanis
United States Magistrate Judge